IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| ANNETTE MESSINA, SHERRY GOODFELLOW, AMANDA DALY, MARIA BARBER and JENNIFER TITUS | : : : : | CIVIL ACTION |
| v. | : : | |
| OXFORD VALLEY CARDIOLOGY ASSOCIATES, P.C., RANGA RAO, M.D., SADHANA RAO, M.D., and CAROLINE BIANCANIELLO | : : : : | NO. 16-CV-1008 |


<u>MEMORANDUM ORDER</u>

The plaintiffs in this case have brought suit against Oxford Valley Cardiology Associates, P.C. and its managing employees under the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiffs' contend they were paid their basic hourly rate rather than time and one-half for overtime work. The parties have resolved each of their individual wage disputes and jointly move for Court approval of their five settlement agreements. Because these agreements involve the settlement of a wage-payment dispute under the FLSA, I must examine each agreement to ensure that it represents a fair and reasonable resolution of a bona fide dispute. For the reasons that follow, I find that the settlements are fair and reasonable and I approve the terms of the agreements.

    1. Courts presented with a proposed settlement of an FLSA claim engage in a two-

part analysis. First, I must determine if the settlement is fair and reasonable resolution of a *bona fide* dispute. Second, I must be satisfied that the settlement furthers (and not frustrates) the purposes of the FLSA.

    2. Oxford Valley Cardiology denies that it violated the FLSA or corresponding state law by failing to compensate the plaintiffs for overtime work at the appropriate rate, and it does not admit liability in this matter. However, in order to conserve time and expense and avoid protracted litigation, the parties have reached these agreements.

    3. I find this is a *bona fide* dispute.

    4. Each settlement agreement provides compensation for the alleged unpaid overtime work. I have reviewed the compensation terms and find them to be fair, reasonable, and in furtherance of the goals of the applicable federal and state laws.

    5. I find the attorney's fees to be reasonable based on counsels' joint representation that the fees and costs incurred were proportional to the needs of the case and Plaintiffs' counsel's agreement not to seek payment for all services performed in order to facilitate the settlement of this dispute.

    6. Finally, the terms of the agreement includes a confidentiality provision. Such provisions are generally held to frustrate the purpose of the FLSA. On August 29, 2016, I ordered counsel to provide me with the reason for including a confidentiality provision in this case. In response, counsel jointly notified my chambers that they would strike that provision in the agreements. Under those circumstances, I shall approve of the agreement

in all other aspects.

THEREFORE, IT IS HEREBY ORDERED this     29th       day of September, 2016,   that the settlement agreements are approved with the exception of the confidentiality provisions set forth in paragraphs 6 and 7 of the settlement agreements.

BY THE COURT:

 /s/ *J. William Ditter, Jr.*
J. WILLIAM DITTER, JR., J.